CARROLL, Judge.
This is an appeal by the plaintiff below from an adverse summary judgment rendered in the civil court of record in Dade County.
The appellee Imperial Apartment Hotel, Inc. (herein referred to as the hotel), contracted with Packaged Interiors, Inc. (herein referred to as the contractor), for certain improvements. The contractor engaged the plaintiff, as subcontractor, to supply and install draperies in certain of the apartments. The contractor failed to complete performance by January 4, 1964, as called for by the contract. Thereupon the hotel withheld $18,000 of the $24,000 contract consideration. The plaintiff performed January 15, 1964, by supplying and installing draperies in the designated apartments. Thereafter, not having been paid by the contractor, the plaintiff filed a suit in equity against the hotel alleging $1,887.25 was due for materials and labor and claiming a lien on the hotel property. Upon determining that plaintiff was not entitled, to a lien the circuit court transferred the cause to the civil court of record.
Plaintiff’s amended complaint in the civil court of record included an allegation that plaintiff’s work was performed at the request of the hotel after default of the contractor, without plaintiff being informed of said default. Thus in paragraph three of the complaint as amended the plaintiff alleged “That said work, labor and services were performed without any express request from the defendant or agreement between the said plaintiff and defendant, but that the defendant at all times knew that the said work, labor and services were being performed, and knew that plaintiff expected to be paid therefor, and accepted the said work, and received the benefits thereof.”
Attached to the amended complaint was a list of the materials and services in supplying and installing draperies in the several apartments, with a statement of the cost by units. In answer to the complaint the defendant hotel admitted the performance claimed by the plaintiff except as to one apartment designated 12-C, and denied liability for payment therefor. The answer did not contain a direct averment that the contractor had defaulted but averred the hotel had paid the general contractor “any and all monies due the General Contractor under said contract” and averred the hotel had suffered a loss as a result of the contract.
Both parties moved for summary judgment. Plaintiff’s motion was denied and the motion of the defendant was granted. On reviewing the pleadings and the evidence which was before the trial court on the hearing on motions for summary judgment, in the light of the briefs and arguments, we conclude that the trial court was in error in granting summary judgment for the defendant. This is so because it appears there was a triable issue as to whether the hotel authorized or solicited the January 15 performance by the plaintiff, knowing but not revealing to plaintiff that the contractor was then in default, and thereby effected a rehiring or employment of the plaintiff by the hotel. In that connection evidence before the trial court disclosed the contractor was in default for failure to perform by January 4, 1964, and that the hotel withheld $18,000 from the contractor. Also, there was evidence that between January 4 and January 15 an agent of the hotel corporation requested the plaintiff to expedite installation of the draperies; that they were supplied and • installed by the plaintiff on January 15; that after plaintiff had performed the hotel’s agent informed plaintiff that the contractor had defaulted, and, according to plaintiff, said to him: “Don’t worry, Mr. Seidler, you will be taken care of by Imperial House. We are holding back funds to take care of all your local contracts.” The fact that such evidence was denied or in dispute served *632 to intensify rather than to eliminate the issue. ,
For the reasons stated the summary judgment is reversed and the cause is remanded fov further proceedings.